HASBROUCK, adm'r &c., *appellant, vs.* HASBROUCK and others, *respondents.*

Although an inventory filed by an executor is, on an accounting, prima facie evidence against him of what the assets consist of and of their value, still it is not conclusive. The executor has a right to show that property not belonging to the estate was inventoried, and may also show that the property belonging to the estate was of less value than the amount at which it was inventoried.

The fact that an administrator, under the supposition that he could turn over securities taken by him on the sale of his intestate's interest in a copartnership, filed an inventory and an account fixing the value of the intestate's interest in the firm at a particular sum, should not preclude him, when he is sought to be personally charged with that amount, from showing the actual value of the interest if it had been sold for cash, or if the partnership had been wound up in the usual manner. INGRAHAM, P. J. dissented.

APPEAL from an order or decree of the surrogate of the county of New York. Henry W. Hasbrouck died intestate October 9, 1859, leaving the respondents, Isabella Hasbrouck, his widow, Maria Hasbrouck, an infant daughter, and Henry M. Hasbrouck, an infant son, born after the intestate's decease, his only heirs. On November 10, 1859, the appellant was appointed administrator of the decedent's estate, and shortly afterwards he sold out the decedent's interest in the partnership of Kingon & Hasbrouck, composed of James Kingon and the deceased, to the surviving partner, Mr. Kingon, for $14,703.91; and took Mr. Kingon's notes and bills, indorsed by the appellant in person, and maturing at various times during the years 1860, 1861 and 1862, for the entire amount. No formal inventory or appraisement was made; but the administrator and Mr. Kingon, with an umpire mutually chosen, made an estimate of the partnership assets, and after deducting ten per cent from the notes and accounts, and fifteen per cent from the stock, they valued the decedent's net interest in the firm at the sum mentioned, ($14,703.91.) The administrator being cited to account in June, 1861, he filed an inventory (in October, 1861) in which the partnership interest was appraised as above. He subsequently filed an account, in which it appeared that he had in

his hands $6416.25, which, however, he claimed was subject to a personal claim against the estate for $3497.66, for money loaned by the appellant to the deceased.   The last two notes of Mr. Kingon, one maturing July 5, 1861, for $3686.25, and one January 5, 1862, for $3803, not being paid, the administrator credited himself with their amount as debts not collected.   To this the respondents objected.   The appellant offered to show by proof, that by taking notes instead of cash he had nominally realized a much larger amount for the estate than if he had insisted on cash payment; that if he had permitted the firm to go into liquidation in the ordinary way, the estate would not have been realized in cash at the time the proceedings were commenced; and that at least, so far as the widow was concerned, she was estopped by acquiescence in the taking of said notes, and by her accepting a chattel mortgage as collateral for their payment; which offers were all either overruled by the surrogate, or the evidence in regard to them afterwards disregarded by the court below.

The surrogate ordered that the administrator be charged with the amount of the two notes, and interest thereon from maturity.   And the administrator appealed.

*D. C. Ringland,* for the appellant.

*Jackson & Middlebrook,* for the respondents.

BARNARD, J.   Although an inventory filed by an executor is, on an accounting, prima facie evidence against him of what the assets consist of, and of their value, still it is not conclusive.   The executor has a right to show that property not belonging to the estate was inventoried, and may also show that the property belonging to the estate was of less value than the amount at which it was inventoried.

In this case the administrator has done nothing to deprive him of that right.   If in his account rendered he had charged himself with the actual cash value of the interest of the deceased in the firm of Kingon & Hasbrouck, it cannot be

Hasbrouck *v.* Hasbrouck.

doubted that he would have been entitled to introduce proof showing such cash value, and that the interest had been put at too high a valuation in the inventory.

It does not necessarily follow from the fact of the administrator having sold the intestate's interest in the firm at a credit, that the ascertainment of either the then cash value of the interest, or of the sum which would have been produced to the estate on winding up the partnership matters in the usual manner, would be either impossible or attended with much difficulty.

The fact that the administrator, doubtless under the supposition that he could turn over the securities he took on the sale, filed an inventory and an account fixing the value of the interest of the deceased in the firm at $14,703.91, should not preclude him, when he is sought to be personally charged with that amount, from showing, if he can, the actual value of the interest if it had been sold for cash, or if the partnership had been wound up in the usual course. The administrator in this case does not seem to have acted fraudulently, or with any improper motives; but, on the contrary, appears to have had the good of the estate he represented in view in all he did, and to have been actuated with a desire to make the assets bring as much as possible.

Under such circumstances the law does not require that the administrator should pay individually to the estate more than the assets, if prudently administered, would have produced.

For these reasons, the proof offered by the administrator, as to the value of the interest of the deceased in the partnership, was admissible, and the rejection of it improper.

Order reversed, and a new accounting directed before the surrogate, with costs of the appeal.

LEONARD, J. concurred.    INGRAHAM, P. J. dissented.

Order appealed from reversed.

[NEW YORK GENERAL TERM, May 5, 1862. *Ingraham, Leonard* and *Barnard,* Justices.]